**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Beasley, | No. CV-19-04606-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Bureau of Investigation, | |
| Defendant. | |

At issue is the Application to Proceed in District Court Without Prepaying Fees or Costs filed by *pro se* Plaintiff Allen Beasley (Doc. 3). Having determined that Plaintiff does not have the means to pay the Court's fees in this case, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint fails to state a claim.

**I.    LEGAL STANDARDS**

**A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section

1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## II. ANALYSIS

In the Complaint, many of Plaintiff's allegations are not simple, concise, and direct, as required by Rule 8. Upon review of the entire Complaint, the Court can discern that Plaintiff raises claims against the Federal Bureau of Investigation (FBI) for a violation of his First Amendment rights, and he identifies as legal authority for his claims both 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80 (FTCA). (Compl. at 6, 23.) However, neither statute provides a cognizable legal theory for Plaintiff's claims.

First, to state a § 1983 claim, a plaintiff must allege a state—not federal—action. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Here, Defendant FBI is not an agency of state government or otherwise a state actor. As a result, Plaintiff cannot state a § 1983 claim against the FBI.

Second, the FTCA generally authorizes suits against the United States in tort—specifically, for damages resulting from injury or loss of property, including serious personal

injury or death, caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the tort law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). Here, Plaintiff's allegations are not in tort but rather in constitutional law, namely, that the FBI infringed on his First Amendment rights when it allegedly retaliated against him after he tried to file an FBI complaint against the City of Phoenix. Such a claim cannot arise under the FTCA.

Because Plaintiff cannot cure the defects in his § 1983 and FTCA claims by amendment, the Court must dismiss the Complaint without leave to amend. *See Lopez*, 203 F.3d at 1130.

IT IS THEREFORE ORDERED granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3).

IT IS FURTHER ORDERED dismissing Plaintiff's Complaint (Doc. 1) without leave to amend.

IT IS FURTHER ORDERED directing the Clerk of Court to close this matter.

Dated this 10th day of July, 2019.

Honorable John J. Tuchi
United States District Judge